IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA HNATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.10-CV-568-GKF-PJC |
| ) | |
| DAPHNE HEREFORD, ) | |
| RIN TIN TIN INCORPORATED, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss of defendant Daphne Hereford [Doc. No. 12] and the Motion to Dismiss Foreclosure of Lien of defendants Hereford and Rin Tin Tin Incorporated ("Rin Tin Tin Inc.") [Doc. No. 13]. Defendant Hereford contends she should be dismissed from the case pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. Defendants seek dismissal of Count III of the Petition under Rule 12(b)(6) for failure to state a claim or alternatively under Rule 12(b)(1) for lack of subject matter jurisdiction.

**I. Facts**

Plaintiff filed suit against Hereford and Rin Tin Tin Inc. in Rogers County District Court on July 28, 2010. [Doc. No. 2-1, Petition]. Defendants removed the case to federal court on September 9, 2010. [Doc. No. 2, Notice of Removal]. The Petition alleges plaintiff resides in Claremore, Oklahoma; Hereford resides in Crockett, Texas; and Rin Tin Tin Inc. is a Texas corporation located in Crockett, Texas and engaged in the business of breeding German Shepherd dogs. [*Id.,* ¶¶1-3]. The dogs that are the subject of the action are located at the home of the plaintiff in Claremore. [*Id.,* ¶4].

In Count I of the Petition, plaintiff alleges she entered into breeding contracts with Rin Tin Tin Inc. for the training and breeding of two German Shepherd dogs–Koko, AKC Registration #DN22880202 and Rin-Tin-Tins Rin Tin Tin, AKC Registration #DN251241/01. [*Id.,* ¶¶6-7]. The Petition alleges that under the contract, the parties agreed that plaintiff would house, feed, immunize, give medical assistance to and otherwise take care of and train the dogs at her home in Claremore; and that Rin Tin Tin Inc. would have all say in breeding the dogs and would be entitled to the puppies from such breeding. [*Id.,* ¶8]. In Count I of the Petition, plaintiff alleges "a dispute has arisen between the parties over the ownership and possession of both dogs," [*Id.,* ¶9], and she seeks a declaration of the rights and liabilities of the parties under the agreement. [*Id.,* ¶11]. Count II, pled in the alternative to Count I, seeks reimbursement for out-of-pocket expenses plaintiff has incurred for providing shelter, food and training for the dogs. [*Id.,* ¶¶13-14]. Count III asserts a lien against both dogs pursuant to 4 O.S. §193 for keeping, boarding and training the dogs and seeks foreclosure of the lien pursuant to 4 O.S. §194. [*Id.,* ¶¶16-17]. Count IV alleges plaintiff purchased all contents of the Rin Tin Tin Museum from Hereford and, at Hereford's request, left certain museum items at Hereford's home. [*Id.,* ¶19]. Plaintiff requests an order requiring Hereford to surrender and deliver the museum items to her. [*Id.,* ¶¶20-21].

According to Hereford's affidavit, she is President and Chairman of the Board of Rin Tin Tin Inc. [Doc. No. 12-1, Affid. of Daphne Hereford, ¶1]. She resides in Latexo, Texas, works in Crockett, Texas, and has not visited anyone in Oklahoma for personal or business reasons in over 20 years. [*Id.,* ¶2]. She has never conducted any personal business in Oklahoma. [*Id.,* ¶3]. The Rin Tin Tin museum was located in Latexo, Texas. [*Id.,* ¶4]. The breeding contracts were

written in Texas and signed by or on behalf of both parties–Hnath and Rin Tin Tin Inc., in Texas. [*Id.,*¶5].  Hereford states that Hnath picked up the dogs in Texas and transported them to Oklahoma on her own initiative and for her own convenience, because she resides and works in Oklahoma [*Id.,* ¶5].  There was no requirement that Hnath take the dogs to Oklahoma or any other state or that she keep the dogs in any particular locale. [*Id.*].  The breeding contract for Rin Tin Tins Rin Tin Tin states:

> For registration purposes Daphne Hereford and Debra Hnath shall be listed as co-owners on the AKC registration certificate of the herein described German Shepherd Dog, however, Rin Tin Tin incorporated shall be considered the actual owner of the aforementioned dog.

[Doc. No. 12-2, Breeding Contract for Rin Tin Tins Rin Tin Tin].  Hereford and Hnath were listed as co-owners of the dogs on their AKC registration certificates. [Doc. No. 12-1, Hereford Affid., ¶7].  Hereford states that the reason Rin Tin Tin Inc. was not listed as the owner with the AKC was that, at the time of the registrations with the AKC, it was her understanding that AKC had a policy against recording dog ownership in the name of a corporation, and that the AKC was provided with Hnath's name has well as her own to facilitate her scheduling the dogs for exhibition and other events with the AKC. [*Id.,* ¶7].

Hereford states that Hnath, a board member of Rin Tin Tin Inc., orally agreed to purchase items from the Rin Tin Tin museum for $9,000 and made three trips to Texas to collect the items. [*Id.* ¶4].

Although Rin Tin Tin Inc. "has had a few business activities and/or contacts in Oklahoma in recent years," and Hereford has "been involved in those activities for the corporation via the internet and telephone," Hereford states:  "I do not consider any of those activities to be my personal activities.  Rather those activities have been activities of the

corporation." [*Id.,* ¶8].

## II.  Hereford's Motion to Dismiss for Lack of Personal Jurisdiction

Hereford seeks dismissal from the lawsuit based on lack of personal jurisdiction. Plaintiff contends Hereford waived her right to object to personal jurisdiction under 12 O.S. §2012(A)(1) by filing an "Unopposed Motion for Extension of Time to Respond to Petition" in state court.  Additionally, plaintiff asserts that by virtue of being listed as in AKC registration papers as a co-owner of the dogs, Hereford has purposefully directed her activities at plaintiff in Oklahoma.  Finally, she contends Hereford is subject to personal jurisdiction as an officer of Rin Tin Tin Inc.

### A.  Waiver of Personal Jurisdiction Defense

Under Oklahoma civil procedure rules:

> A defendant may file a reservation of time which shall extend the time to respond twenty (20) days from the last date for answering.  The filing of such a reservation of time waives defenses of paragraphs 2, 3, 4, 5, 6, and 9.

12 O.S. §2012(A).

On August 19, 2010, Hereford and Rin Tin Tin Inc. filed an "Unopposed Motion for Extension of Time to Respond to Petition" in Rogers County District Court. [Doc. No. 20-1].  In that motion, defendants stated:

> Defendants are not filing a "reservation of time" pursuant to 12 O.S. §2012(A), but are only requesting an extension of time, without waiver of any procedural rights, objections, or defenses.

[*Id.*].  Plaintiff argues that, notwithstanding this language, defendants' motion for extension resulted in the waiver of any personal jurisdiction defense in state or federal court pursuant to 12

4

O.S. §2012(A).[1]

In *Young v. Walton,* 807 P.2d 248 (Okla. 1991), plaintiff argued that when defendants responded to his petition by making a "special appearance," they waived the defenses of improper venue and failure to state a claim upon which relief could be granted under 12 O.S. §2012(A). The court stated:

> The terms of 12 O.S.Supp.1984 §2012(A) do provide that the filing of "an appearance" within the twenty-day period after service of process *extends* the time to respond *and operates as a waiver* of certain challenges. This statute, though, applies only to a defendant's *general* or perhaps to an unspecified appearance, not to one that is explicitly qualified. The defendants were not hence precluded by law from either objecting to venue or questioning the sufficiency of the allegations to state a claim for relief.

*Id.* at 249-50.

Here, defendants' motion for extension explicitly disclaimed any waiver of "procedural rights, objections, or defenses." Thus, under *Young,* the motion did *not* result in the waiver of Hereford's right to assert a personal jurisdiction defense.

### B.  Personal Jurisdiction

In considering a motion to dismiss pursuant to Rule 12(b)(2), a court must determine whether the plaintiff has alleged sufficient facts to establish the court's personal jurisdiction over the defendant. If jurisdiction is contested, the plaintiff bears the burden of establishing

---

[1]That statute states in pertinent part:

"...within twenty (20) days after the service of the summons and petition upon him, a defendant may file an appearance which shall extend the time to respond twenty (20) days from the last date for answering. The filing of such an appearance waives defenses of paragraphs 2 [personal jurisdiction], 3, 4, 5, 6, and 9 of subsection B of this section."

12 O.S. §2012(A).

jurisdiction. *AST Sports Science, Inc., v. CLF Dist. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). Where, as here, the question of personal jurisdiction is disputed in the preliminary stages of litigation, "the plaintiff need only make a prima facie showing of jurisdiction to defeat the motion [to dismiss]." *Id.* The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998). The court will accept as true the allegations in plaintiff's complaint, and all factual disputes will be resolved in the plaintiff's favor. *Intercon Inc. v. Bell Atl. Internet Sol'ns*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). "In Oklahoma, this two-part inquiry collapses into a single due process analysis," because Oklahoma permits the exercise of personal jurisdiction to the full extent permitted by the United States Constitution. *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1998) (citing Okla. Stat. tit. 12, § 2004 F). Accordingly, the only question remaining is whether the exercise of personal jurisdiction over the nonresident defendant comports with due process. *See AST Sports Science*, 514 F.3d at 1057. The Due Process Clause prevents courts from exercising jurisdiction over a nonresident defendant unless "there exist 'minimum contacts' between the defendant and the forum state." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004). The "minimum contacts"

standard can be satisfied in either of two ways: First, the court may exert specific jurisdiction over a defendant who has "purposefully directed his activities at residents of the forum," provided "the litigation results from alleged injures that arise out of or relate to those activities." *Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1986 (10th Cir. 1998)) (internal citations and quotation marks omitted). Alternatively, the court may maintain general personal jurisdiction over a defendant who has maintained continuous and systematic general business contacts with the forum state. *Id.* (quoting *OMI Holdings*, 149 F.3d 1986) (internal citations and quotation marks omitted).

Plaintiff asserts the court has specific personal jurisdiction over Hereford, and an inquiry regarding minimum contacts under the general personal jurisdiction analysis is unnecessary, on two grounds: (1) Hereford is listed on AKC registration papers as a co-owner of the dogs plaintiff has kept; and (2) Hereford is subject to personal jurisdiction as an officer of the corporation.

### 1. AKC Ownership Registration

Plaintiff alleges that since Hereford is listed in AKC registration papers as a co-owner of Koko and Rin Tin Tins Rin Tin Tin, and both dogs are located in Oklahoma, Hereford is subject to jurisdiction in this state. In *Premier Corp. v. Newsom,* 620 F.32d 219 (10th Circuit 1980), defendants, who lived in South Carolina, entered into contracts with Premier for the purchase and management of cattle. *Id.* at 222. The management contract permitted Premier to maintain the cattle wherever it wanted, and some of the cattle were kept in Colorado by Premier. Commenting, "We do not regard the fact that the defendants either knew, or could have ascertained, that some of their cattle were being cared for in Colorado to be a particularly

significant fact," the court found "the totality of the facts and circumstances fails to disclose sufficient minimum contacts on the part of the defendants with the State of Colorado to justify the district court in exercising personal jurisdiction over them." *Id.* The court stated:

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Id.* at 223 quoting *Hanson v. Denckla,* 357 U.S. 235, 253 (1958).

The fact situation here is similar. Even assuming Hereford (as opposed to Rin Tin Tin Inc. is an owner of the dogs, that fact is not dispositive of the personal jurisdiction question. The issue, instead, is whether "the totality of the facts and circumstances" discloses sufficient minimum contacts between Hereford and Oklahoma. The breeder contracts between Rin Tin Tin Inc. and Hnath imposed no requirement on where the dogs would reside. The contracts were made and executed in Texas and plaintiff took possession of the dogs in that state and transported them to Oklahoma, where she lives. Hereford has not traveled to Oklahoma in more than 20 years and has had no contacts with the state other than those made on behalf of Rin Tin Tin Inc. These facts do not establish the requisite minimum contacts.

### (2) Hereford's Role as Officer of Rin Tin Tin Inc.

Plaintiff also argues that Hereford's activities and contacts with Oklahoma on behalf of Rin Tin Tin Inc., establish minimum contacts with the state.

As a general rule, courts may not exercise jurisdiction over individual officers or employees of business entities merely on the basis of contacts sufficient to justify exercise of personal jurisdiction over the business entity. *Calder v. Jones,* 465 U.S. 783 (1984). Under the

8

fiduciary shield doctrine, exercise of personal jurisdiction over an individual may not be based solely on acts the individual performed in a purely representative capacity.  *See Home-Stake Production Company v. Talon Petroleum C.A.,* 907 F.2d 1012, 1017 (10th Cir. 1990).  The Tenth Circuit has articulated the relevant part of the fiduciary shield analysis as follows:

> In determining whether a corporation for which an owner-employee acts is really "another," it is sufficient to inquire whether the corporation is a real or shell entity.  If the corporation is merely a shell, it is equitable, even if the shell may not have been used to perpetrate a fraud, to subject its owner personally to the court's jurisdiction to defend the acts he has done on behalf of his shell.

*Id.* at 1018, quoting *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 903 (2d Cir. 1981). The  Tenth Circuit in *Home-Stake* held that a bankruptcy trustee seeking to sue an individual who owned corporations "need only demonstrate that the corporation on whose behalf [defendant] was allegedly acting were in fact mere instrumentalities."  907 F2d at 1018. Applying Oklahoma law, the court held a corporation may be deemed to be a mere instrumentality of an individual if (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporate or vice versa, (4) corporate formalities are not followed, or (5) the corporation is a mere sham.  *Id.*

Here, however, plaintiff has neither alleged nor provided any evidence that  Rin Tin Tin Inc. was a "mere instrumentality" of Hereford.  Thus, there is no basis for the court to attribute the acts of Hereford on behalf of the corporation to Hereford herself.

The court concludes the totality of the facts and circumstances fails to disclose sufficient minimum contacts on the part of Hereford to justify the exercise of personal jurisdiction over her.

### III. Rin Tin Tin Inc.'s Motion to Dismiss Lien Foreclosure Claim[2]

In Count III of the Petition, plaintiff asserts a lien under 4. O.S. §193 for the care, feeding and training of the dogs, and seeks foreclosure of the lien.  The statute provides:

> 193.  Lien for keeping, boarding or training animal–scope
>
> Every person who shall keep, board or train any animal, shall, for the amount due therefor, have a lien on such animal, and on any vehicle, harness or equipment coming into his possession therewith, and no owner or claimant shall have the right to take any such property out of the custody of the person having such lien, except with his consent, or on the payment of such charge; and such lien shall be valid against property in the possession of any person receiving or purchasing it with notice of such claim.

4 O.S. §193.  Enforcement of a lien arising out of Section 193 is governed by 4 O.S. §194, which provides in pertinent part:

> The lien provided for in the preceding section shall be enforced as follows: The person claiming the lien shall file with a judge of the district court, or other court having competent jurisdiction in the county in which he resides, a complaint, duly verified by himself, his agent or attorney, setting forth his account and a description of the property on which the lien is claimed and thereupon the court shall issue a summons, as in ordinary civil actions, and upon a return of the summons, duly served, shall set the cause for hearing at any time after the lapse of one day....When the defendant shall have been summoned or notified as aforesaid, the cause shall, on the day fixed for trial, be tried as an ordinary case in court.  If the judgment be for the plaintiff, the court shall order the property upon which the lien shall have been found to exist to be sold to satisfy the same. If the lien shall not have been established and the defendant shall not have been summoned, or shall not have voluntarily appeared to the action, the cause shall be dismissed at the cost of the plaintiff.  If the defendant shall have been summoned or shall have appeared to the action, and the plaintiff shall have established an indebtedness on the account sued on, but shall have failed to establish the lien claimed, the judgment shall be for the plaintiff for such indebtedness, but the costs of suit, or any part thereof, may be taxed against him.

---

[2]Hereford joined in this motion "subject to her contemporaneous motion to dismiss under Rule 12(b)(2)." [Doc. No. 13, p. 1].  The granting of Hereford's personal jurisdiction motion moots this motion with respect to Hereford.

10

4 O.S. §194.

Defendant Rin Tin Tin Inc. seeks dismissal of Count III of the Petition pursuant to Rule 12(b)(6)–failure to state a claim upon which relief can be granted–and Rule 12(b)(1)–lack of subject matter jurisdiction.

### A.  Waiver of Rule 12(b)(6) and Rule 12(b)(1) Defenses

Plaintiff once again asserts defendant, by filing an "Unopposed Motion for Extension of Time to Respond to Petition" in state court, waived its right to assert the defenses of failure to state a claim and lack of subject matter jurisdiction. For the reasons set forth above in Section II.A., the court rejects this assertion.

### B.  Rule 12(b)(6) and Rule 12(b)(1)

Defendants contend Count III should be dismissed pursuant to Rule 12(b)(6) and Rule 12(b)(1) because it fails to allege the elements required to establish and enforce a lien under 4 O.S. §§193-194.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the  elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as

true a legal conclusion couched as a factual allegation." *Id.*

Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), the court must determine whether it has subject matter jurisdiction over the parties' claims. Rule 12(b)(1) motions are either facial or factual attacks on the sufficiency of the complaint:

> Under a facial attack, the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true. In a factual attack...however, the movant goes beyond the allegations of the complaint and challenges the facts upon which subject matter jurisdiction depends. In such a situation, the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence under Rule 12(b)(1).

*Paper, Allied-Industrial, Chemical and Energy Workers Int'l Union v. Cont'l Carbon Co.,* 428 F.3d 1285, 1292 (10th Cir. 2005) (citations omitted). Defendant assert its Rule 12(b)(1) attack is a facial rather than factual attack on Count III, and thus the court need not look beyond the allegations of the complaint.

Under 4 O.S. §194, plaintiff's complaint must set forth her "account and a description of the property on which the lien is claimed." If publication notice is given, the notice must contain "the particulars of the account, the description of the property on which the lien is claimed, its

whereabouts and the date set for the hearing of the cause." *Id.*

In *Fields v. Sewell,* 378 P.2d 846 (Okla. 1963), the Oklahoma Supreme Court upheld a trial court decision against defendant on his claim, pursuant to 4 O.S. §§191, 193, for a lien on a colt for pasturage of the colt and training of its mother. The court found there was substantial evidence that plaintiff had made no such agreement with defendant. *Id.* at 847. From this decision, it can be reasonably inferred that in order to enforce a lien under 4 O.S. §193-194, plaintiff must establish an agreement between the parties for payment of the expenses sought.

Additionally, in *Walters v. Weaver,* 226 P.2d 931 (Oka. 1950), the Oklahoma Supreme Court held that publication notice of a hearing for a lien for boarding and training of a horse was insufficient under 4 O.S. §194 because it failed to:

(1) set out any particulars of the account upon which defendants based their lien claims;

(2) give a description sufficient to enable anyone to recognize the property; and

(3) give definite information regarding the actual whereabouts of the property, other than stating same was in defendants' possession.

*Id.* at 75. In affirming the trial court ruling, the court stated, "The requirements of the statute relative to the matters contained in the publication notice must be complied with fully before jurisdiction can be held to attach." *Id.*

The Petition in this case alleges plaintiff and Rin Tin Tin Inc., entered into written Breeding Contract "for the purpose of training and breeding" of Koko and Rin Tin Tins Rin Tin Tin. [Doc. No. 2-1, ¶¶6-7]. Further, the Petition alleges she and defendant "agreed that Plaintiff would house, feed, immunize, give medical assistance to and otherwise take care of and train the above dogs at Plaintiff's home in Claremore, Oklahoma" [*Id.,* ¶8], and she "has provided and paid for food, shelter, medicine and training for both dogs in excess of $10,000.00." [*Id.,* ¶13].

Count III asserts the lien foreclosure claim "for the care, feeding and training of both dogs." Accepting the allegations of the Petition as true, plaintiff has adequately pled an agreement between the parties, described the property at issue and given adequate information regarding the actual whereabouts of the property.  However, nowhere in the Petition does plaintiff state the actual  amount of reimbursement sought or provide any specifics concerning that amount.  Thus, the Petition fails to  "set forth the account," as required by 4 O.S. §194.[3]

This deficiency is fatal under Rule 12(b)(6) because plaintiff has failed to frame a claim with enough factual matter to suggest she is entitled to the relief sought–lien foreclosure under 4 O.S. §194.  *See Robbins,* 519 F.3d at 1247.  Similarly, the failure to set forth an account is fatal on a jurisdictional basis.  *See Walters,* 226 P.2d at 75.

Therefore, Count III is subject to dismissal under both Rule 12(b)(6) and Rule 12(b)(1).

### IV.  Conclusion

For the reasons set forth above, defendant Daphne Hereford's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. No. 12] and defendants' Motion to Dismiss Count III Under Rule 12(b)(6) and Rule 12(b)(1) [Doc. No. 13] are granted.

ENTERED this 2nd day of December, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[3] In ruling on the Rule 12(b)(6)/Rule 12(b)(2) motion, the court, has considered only the Petition . However, the court notes that the breeding contracts for the dogs (attached to Daphne Hereford's Motion to Dismiss for Lack of Personal Jurisdiction),  provide in pertinent part that "...expenses that are approved in advance by Rin Tin Tin incorporated that are incurred by the aforementioned individuals *in association with the breeding and/or whelp of a litter* shall be reimbursed ...upon receipt of supporting documents." [Doc. Nos. 12-2, 12-3]. Thus, the terms of the contracts appear to contradict the claim in the Petition that the contracts were for the purpose of "training" the dogs.