# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEBRA HNATH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.10-CV-568-GKF-PJC |
| | ) | |
| DAPHNE HEREFORD, and | ) | |
| RIN TIN TIN INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the court on plaintiff Debra Hnath's Motion to Amend Pleading. [Doc. No. 28]. Defendant opposes the motion.

Plaintiff sued defendants in Rogers County District Court, and defendants removed the case to federal court. [Doc. Nos. 2, 2-1]. In her petition, plaintiff alleged she entered into breeding contracts with Rin Tin Tin Inc. for the training and breeding of two German Shepherd dogs. She asserted the following claims: Count I, for declaratory judgment of the rights and liabilities of the parties under the agreement; Count II, pled in the alternative, for reimbursement for out-of-pocket expenses plaintiff has incurred for providing shelter, food and training for the dogs; Count III, for a lien against both dogs pursuant to 4 O.S. §193 for keeping, boarding and training the dogs, and for foreclosure of the lien; and Count IV, against Hereford only, for an injunction requiring Hereford to surrender and deliver museum items Hnath contends she purchased from Hereford.

Defendants filed motions to dismiss Hereford for lack of personal jurisdiction and to dismiss Count III for failure to state a claim. Both motions were granted on December 2, 2010.

[Doc. No. 24]. Pursuant to the court's Scheduling Order entered January 27, 2011, the deadline for motions to amend pleadings was February 5, 2011. [Doc. No. 27]. On February 7, 2011, plaintiff filed her Motion to Amend.

Plaintiff seeks leave to amend to (1) add factual allegations that Rin Tin Tin Inc. is a "mere instrumentality" of Hereford and Hereford should be reinserted as a defendant; (2) allege that Rin Tin Tin Inc. is legally obligated to deliver the museum pieces sought in Claim IV; and (3) make additional allegations regarding the amount of reimbursement sought in Claim III, the dismissed lien claim. Plaintiff has not submitted a proposed amended complaint, nor has she described with any specificity the factual allegations she intends to make.

Under Fed.R.Civ.P. 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of an opportunity to amend is within the discretion of the district court. *Id.* However, refusal of a request to amend is appropriate only "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dept. of Safety, City and County of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005).

Citing *Bjorkland v. Miller,* 2009 WL 4016079 (N.D. Okla. November 19, 2009), defendants assert the motion is untimely and is "merely a 'late attempt to salvage [a claim] after the Court's dismissal of such claim."

The court granted defendants' Motion to Dismiss on December 2, 2010. Under the

2

scheduling order entered by the court, the deadline for filing motions to amend pleadings was February 5, 2011. Since that date fell on a Saturday, plaintiff filed her Motion to Amend on Monday, February 7, 2011. Thus, the motion was timely filed.

However, because plaintiff neither attached her proposed amended complaint nor stated with any specificity the facts she would allege that would permit her to revive her claims, the court is unable to determine whether "the underlying facts or circumstances relied upon by a [party] may be proper subject of relief." *Foman, supra.* Particularly, the court has no basis to evaluate whether the proposed amendment would be futile.

The policy of liberal granting of motions for leave to amend "is not limitless and must be balanced against Fed.R.Civ.P. 7(b)(1), which governs the requirements for all motions and provides that any motion 'shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.'" *Calderon v. Kansas Dept. of Social and Rehab. Servs.,* 181 F.3d 1180, 1186 (10th Cir. 1999) quoting 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §1483 at 582. "By requiring notice to the court and the opposing party of the basis for the motion, rule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'" *Calderon,* 181 F.3d at 1186, quoting 5 WRIGHT ET AL, §1192 at 42.

Plaintiff has failed to plead with sufficient particularity the grounds for the proposed amendment of her complaint. Therefore, the Motion to Amend [Doc. No. 28] is denied.

ENTERED this 12th day of April, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma